CLD-152                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3234
_____

ANTONIO SAUNDERS,
Appellant

v.

BB&T BANK, formerly known as BRANCH BANKING & Trust; TRUIST BANK;
JAMIE ADAMA; DETECTIVE MICHAEL MUNCH; MAGISTRATE JUDGE
NICHOLAS E. ENGLESSON; MAGISTRATE JUDGE JOHN CAPOBIANCO;
ATTORNEY AT LAW EDWARD ANDRES; ATTORNEY AT LAW MICHAEL
LIGHT; NORTHAMPTON COUNTY; CITY OF EASTON; JOHN M. MORGANELLI,
Northampton County District Attorney; JAMES AUGUSTINE, Assistant District
Attorney; JUDGE JENNIFER SLETVOID; LEIGH ANN-FISHER, Clerk of Court;
COURT REPORTER KAREN MENGEL; JOHN DOE, DEFENDANT(S); ARE BEING
SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; JAMIE ADAMS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2:20-cv-04530)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2021)
_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Antonio Saunders appeals from the District Court's dismissal of his civil rights claims against numerous defendants. For the reasons that follow, we will summarily affirm the District Court's judgment with one modification.

I.

Saunders was arrested in January 2019. His arrest was based on an affidavit of probable cause alleging that Saunders had applied for a $30,000 loan at Truist Bank — formerly BB&T Bank — in Nazareth, Pennsylvania, using numerous identity documents for an individual named Allen Baynes.[1] Jamie Adams, who Saunders identifies as a bank branch manager, reported the incident.[2] Baynes informed law enforcement that he had never applied for such a loan and that he had not been to Pennsylvania. When Saunders returned to the bank to pick up money from the loan application, Detective Michael Munch arrested him. Saunders was found with identity documents in Baynes' name.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Saunders' public state court records contain information regarding this arrest and Saunders' subsequent criminal proceedings. His public federal court records also contain information about his prior filings. The District Court appropriately took judicial notice of the public records of Saunders' court proceedings in its decisions, as it may do "at any stage of the proceeding," see Fed. R. Evid. 201(b), (d).

[2] As the District Court noted, Jamie Adams' name is incorrectly identified as a duplicate defendant, Jamie Adama, in the case caption.

Magisterial Judge Nicholas Englesson presided over Saunders' preliminary arraignment. Assistant Public Defender Edward Andres was appointed to represent Saunders, and Assistant District Attorney James Augustine was the prosecutor. Saunders later appeared before Magisterial Judge John Capobianco for a preliminary hearing. After protracted motions practice and multiple hearings, Saunders ultimately proceeded pro se before Judge Jennifer Sletvold in the Northampton County Court of Common Pleas.[3] Saunders filed a motion to suppress the evidence against him, which Judge Sletvold denied after a hearing. After a jury trial, Saunders was convicted of identity theft, forgery, and attempted theft by unlawful taking. He was sentenced to a term of 52-104 months' imprisonment. The Superior Court recently affirmed his convictions and sentence. See Commonwealth v. Saunders, No. 684 EDA 2020, 2021 WL 22107, at *1 (Pa. Super. Ct. Jan. 4, 2021).

In September 2020, Saunders filed a complaint in the District Court. Saunders alleged that BB&T and Adams made a false report against him and colluded with Munch to arrest him without probable cause. He claimed that Judge Englesson never signed his affidavit of probable cause, never made a probable cause determination, and set an unconstitutional bail. Saunders maintained that Augustine and Northampton County District Attorney John M. Morganelli conspired with judges and Saunders' attorneys to maliciously prosecute and detain him on behalf of BB&T, Northampton County, and the

---

[3] Judge Sletvold's name is misspelled as Judge Sletvoid in Saunders' complaint.

City of Easton, despite knowing that he had not committed a crime.

Saunders next alleged that at his preliminary hearing, Andres suggested that he plead guilty, did not advise him that his arrest lacked probable cause, and encouraged him to waive his preliminary hearing by saying that he could seek a bail reduction. Saunders maintained that Andres never filed a motion for a bail reduction, so Saunders moved to remove him as his counsel and filed a pro se bail reduction motion. Saunders' motion to remove Andres as his counsel was granted and a new attorney who was not a public defender was allegedly appointed to represent him. Saunders claimed that at his subsequent bail reduction hearing, another public defender, Michael Light, appeared and represented to the court that he had been assigned to represent Saunders even though Saunders had other court-appointed counsel. Saunders subsequently moved to have his court-appointed counsel removed, which Judge Sletvold granted. Saunders alleged that Judge Sletvold denied his pro se motion challenging the court's subject matter jurisdiction and that she asked him questions about his medications in court.

In his following criminal proceedings, Saunders alleged that Morganelli and Augustine failed to turn over discovery to him, and that Judge Sletvold improperly denied his subsequent suppression motion and failed to rule on a discovery motion. He maintained that Judge Sletvold conspired with a court reporter, Karen Mengel, to somehow alter the transcript from his court proceedings. He also alleged that when he twice sought to remove his case to federal court, Leigh-Ann Fisher, Clerk of Court in Northampton County, sent his petition for removal to Judge Sletvold rather than to the District Court. As the District

4

Court noted, Saunders' notice of removal was docketed in the District Court and his case was summarily remanded. Finally, Saunders claimed that at trial, Munch testified that he did not observe Saunders commit any crime. Saunders also alleged that Adams' testimony somehow contradicted a prior police statement.

Saunders named all of the above individuals who were involved in his criminal proceedings as defendants, as well as unidentified John Doe defendants. He sought damages and immediate release from prison. The District Court screened Saunders' complaint pursuant to 28 U.S.C. § 1915A(b)(1). It dismissed his claims against all defendants — some with prejudice and others without prejudice — and granted him leave to file an amended complaint for certain claims. In response, Saunders filed a timely notice of appeal, stating his disagreement with the District Court's decision and explaining that he stood on his original complaint. Saunders subsequently filed an amended complaint, but then quickly moved to withdraw it, reiterating his desire to stand on his original complaint in several filings. The District Court granted Saunders' request to withdraw his amended complaint, dismissing his case in accordance with its prior order. Saunders timely filed an amended notice of appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[4] We exercise

---

[4] The District Court's dismissal orders are final and appealable because Saunders explicitly stated his intent to stand on his complaint in his initial notice of appeal and repeated his intent to stand on his complaint in multiple subsequent District Court filings. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

plenary review over the District Court's sua sponte dismissal of Saunders' claims under 28 U.S.C. § 1915A. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Dismissal for failure to state a claim is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

We agree with the District Court's dismissal of Saunders' claims. First, the District Court appropriately concluded that to the extent that Saunders sought immediate release from prison, "his sole federal remedy is a writ of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because Saunders was separately and simultaneously pursuing a federal habeas petition in another District Court case, the District Court appropriately dismissed that portion of his complaint without prejudice to Saunders' ability to pursue his arguments related to his release in his other case.

Next, the District Court properly dismissed Saunders' false arrest and false imprisonment claims. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012); see also Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) ("A false

6

imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures."). Although Saunders repeatedly stated that his arrest was based on a false report of criminal activity against him, he made no factual allegations to support his conclusory statements. Because Saunders made no factual allegations to indicate that his arrest was lacking in probable cause, Saunders also cannot state an unreasonable search and seizure claim. See Terry v. Ohio, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.") (citation omitted).

The District Court also properly dismissed Saunders' conspiracy claims under 42 U.S.C. §§ 1983, 1985(3), and 1986. Beyond his bare belief that all defendants — judges, prosecutors, his attorneys, a police officer, court staff, and private actors — "conspired" against him in the course of his arrest or his criminal proceedings, he presented no factual allegations to support a conspiracy claim. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy [under § 1983], a plaintiff must assert facts from which a conspiratorial agreement can be inferred."). Saunders also made no factual allegations to suggest that any defendant's actions were taken based on race- or class-based discriminatory animus. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) ("[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance

7

of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."); Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) ("[T]o maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy.").

Next, Saunders' claims against prosecutors Augustine and Morganelli are barred by absolute immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Saunders' allegations indicate that both prosecutors acted entirely within the scope of their respective positions. To the extent that Saunders sought to bring a claim against Munch for testifying against him in court, Munch is protected by absolute immunity for testifying as a witness in a judicial proceeding. See Rehberg v. Paulk, 566 U.S. 356, 367 (2012).

Saunders' claims against the judicial defendants are also barred by absolute immunity to the extent that he sued them in an individual capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for judicial acts); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Although Saunders disagreed with various decisions and actions made by each judge, he did not allege that the judges engaged in nonjudicial acts or took any actions "in the complete absence of all jurisdiction," as Saunders specifically challenged the actions the judges took in his criminal proceedings — all matters within the scope of their court's subject matter

8

jurisdiction. See Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (explaining that "[a] judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" and that "[g]enerally, . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") (citations and internal quotation marks omitted).

To the extent that Saunders sought to bring official-capacity claims against the judicial defendants, such claims are essentially against the Northampton County Court of Common Pleas, which is entitled to Eleventh Amendment immunity from Saunders' civil rights claims. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005). Saunders also did not allege any policy or custom by Northampton County or the City of Easton that resulted in any alleged constitutional violation such that his claims against them could survive dismissal. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978); see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).

Saunders' allegations against public defenders Andres and Light fare no better. Public defenders do not act under color of state law for purposes of § 1983 when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Saunders alleged that Andres provided consultation and advice in the course of his criminal proceedings and claimed only that Light appeared at a hearing on his behalf when he believed a different lawyer should have been present. BB&T Bank, Truist Bank, and Adams are similarly not

9

state actors for purposes of § 1983 based on Saunders' allegations that Adams merely provided information to police as part of a criminal investigation. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Additionally, the District Court properly dismissed Saunders' claims against unidentified John Doe defendants, as he made no factual allegations against them.

To the extent that Saunders sought to bring an access to the courts claim relating to his attempts to remove his case, he must allege that he "suffered an actual injury." See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (internal quotation marks and citation omitted). Saunders' notice of removal was filed in federal court and his case was remanded back to state court, so it is not clear how any defendant's alleged actions could have interfered with his right to access federal court.

Finally, we note that the District Court dismissed some of Saunders' claims without prejudice. Because the District Court correctly concluded that all of his civil rights claims lacked merit, and he elected not to file an amended complaint, we modify the District Court's order, in part, to dismiss with prejudice all of Saunders' claims except for what was properly construed as a request for habeas relief.

We will affirm the District Court's dismissal as modified.[5]

---

[5] In light of our disposition, Saunders' motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).